## IN THE MATTER OF JOHNSON

Docket No. 76464. Submitted March 19, 1985, at Detroit.—Decided May 8, 1985.

Respondent, Evelyn Beam, appealed from the order of the Oakland County Probate Court, Norman R. Barnard, J., terminating her parental rights in her minor children, Lisa and Frederick Johnson. Respondent alleged that the probate court violated her Fifth Amendment privilege against self-incrimination by requiring her to undergo a psychological examination and that the court erred in terminating her parental rights. *Held:*

1. The Fifth Amendment does not apply. The objective of a termination of parental rights proceeding is to protect the child, not to punish the parent. The Fifth Amendment privilege does not automatically protect a parent from being compelled to undergo a psychological examination made for the purpose of determining whether parental rights should be terminated.

2. Review of a termination of parental rights should be based on a "clearly erroneous" standard. The probate court's decision in this case was not clearly erroneous.

Affirmed.

1. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS.

The objective of a termination of parental rights proceeding is to protect the child, not to punish the parent; the Fifth Amendment privilege against self-incrimination does not automatically protect a parent from being compelled to undergo a psychological examination for the purpose of determining whether parental rights should be terminated.

2. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — APPEAL.

Review of a probate court's order terminating parental rights should be based on the standard of "clearly erroneous".

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 59 Am Jur 2d, Parent and Child § 8 *et seq.*

Validity of state statute providing for termination of parental rights. 22 ALR4th 774.

[2] 4 Am Jur 2d, Appeal and Error § 136.

59 Am Jur 2d, Parent and Child § 43.

*L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Robert F. Davisson,* Assistant Prosecuting Attorney, for the Department of Social Services.

*Patrick M. Cleary,* for respondent.

*Daniel Bagdade,* Guardian Ad Litem.

Before: BEASLEY, P.J., and M. J. KELLY and M. WARSHAWSKY,* JJ.

PER CURIAM. Respondent-appellant, Evelyn Beam, the natural mother of Lisa Johnson, born February 8, 1973, and Frederick Johnson, born July 28, 1974, appeals as of right from an order terminating her parental rights.

First, respondent urges that the probate court erred in ordering her to undergo a psychological examination. She argues that, since it is a crime to neglect a child, forcing her to speak to a psychologist who would later use her statements against her violated her Fifth Amendment rights. She says that the privilege against self-incrimination applies when one is compelled to give statements that could reasonably lead to a criminal prosecution. We disagree.

The Fifth Amendment does not apply and is not in issue here. Respondent, Evelyn Beam, is not being deprived of her physical liberty. The objective of a termination of parental rights proceeding is to protect the child, not to punish the parent. We do not believe that the Fifth Amendment automatically protects a parent from being compelled to undergo a psychological examination

---

* Circuit judge, sitting on the Court of Appeals by assignment.

made for the purpose of determining whether parental rights should be terminated.

In *In re Fay G,*[1] the New Hampshire Supreme Court decided this very issue, holding:

"Because a parent's mental incapacity affects the parent's ability to care for the child and, therefore, may constitute grounds for termination, the issue of admissibility of psychiatric tests involves the protected rights of the child. Specifically, the State seeks to protect the best interests of the child by removing him from an environment in which 'the parent is and will continue to be incapable of giving the child proper parental care and protection for a longer period of time than would be wise or prudent to leave the child in an unstable or impermanent environment.' The dominant consideration of the court in these proceedings should be the welfare of the child, which must prevail over conflicting rights of the parent. * * * Allowing the probate court the discretion to compel a psychiatric examination helps protect the child's welfare by permitting the acquisition of information essential to the disposition of proceedings to terminate parental rights. Without this information, the court might be unable to determine whether parental rights should be terminated, * * * and children would remain with parents who could not properly provide for their welfare. Accordingly, we hold that if the issue of mental illness of a parent is properly raised under RSA ch. 170-C, and if a preliminary showing bearing adversely on the question of parental mental illness is made, the best interests of the child dictate that the parent submit to a court-ordered psychiatric evaluation." (Citations omitted.)

Of similar import is *In the Matter of Baker.*[2]

Second, respondent claims that the probate court erred in terminating her parental rights. While there has been a difference of opinion on

[1] 120 NH 153, 156; 412 A2d 1012, 1015 (1980).

[2] 117 Mich App 591; 324 NW2d 91 (1982), *lv den* 417 Mich 973 (1983).

this Court, we are inclined to follow the "clearly erroneous" standard, rather than a *de novo* standard in reviewing the probate court's order terminating parental rights.[3] Review of the evidence indicates long-term neglect which has seriously affected the welfare of the children. We are satisfied that the finding of the probate court terminating respondent's parental rights under MCL 712A.19a; MSA 27.3178(598.19a) was not clearly erroneous.

Affirmed.

---

[3] *In the Matter of Irving,* 134 Mich App 678; 352 NW2d 295 (1984). However, under either standard, the result would be the same.