# STATE OF MICHIGAN

# COURT OF APPEALS

In re WHITE-EAGLE, Minor.

UNPUBLISHED
May 8, 2018

No. 340913
Wayne Circuit Court
Family Division
LC No. 17-000172-NA

In re WHITE-EAGLE, Minors.

No. 340915
Wayne Circuit Court
Family Division
LC No. 17-000176-NA

In re DALY, Minor.

No. 340918
Wayne Circuit Court
Family Division
LC No. 17-000175-NA

Before: BORRELLO, P.J., and SAWYER and JANSEN, JJ.

PER CURIAM.

In Docket Nos. 340913, 340915, and 340918, respondent appeals as of right the orders terminating his parental rights to his minor daughters, KWE, BWE, HWE, and KD, under MCL 712A.19b(3)(b)(*i*) (parent's act caused sexual abuse and likelihood that child may suffer in foreseeable future if placed in parent's home), (g) (failure to provide proper care and custody), (h) (parent is imprisoned for period exceeding two years, parent has not provided proper care and custody, and no reasonable expectation that parent will provide proper care within a reasonable time), (j) (reasonable likelihood that child will be harmed if returned to parent), and (n)(*i*) (conviction of one or more enumerated felonies). The parental rights of the respective mothers of the children were not terminated, and they were not respondents to the original petitions for permanent custody. We affirm.

The trial court must find that a statutory ground for termination is established by clear and convincing evidence. *In re Schadler*, 315 Mich App 406, 408; 890 NW2d 676 (2016)

-1-

(citations omitted). A trial court's ruling that a statutory ground for termination was established is reviewed for clear error. *Id*. at 409. See also MCR 3.977(K). " 'A finding is clearly erroneous if, although there is evidence to support it, we are left with a definite and firm conviction that a mistake has been made.' " *In re Schadler*, 315 Mich App at 409, quoting *In re HRC*, 286 Mich App 444, 459; 781 NW2d 105 (2009). A trial court must order the termination of a respondent's parental rights if the petitioner establishes a statutory ground for termination by clear and convincing evidence, and the trial court finds by a preponderance of the evidence based on the record as a whole that termination is in the child's best interest. *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014).

The trial court did not err when it terminated respondent's parental rights to his children because there was clear and convincing evidence that statutory grounds existed pursuant to MCL 712A.19b(3)(b)(*i*), (g), (h), (j), and (n)(*i*), and termination was in the children's best interests pursuant to MCL 712A.19b(5).

## I. REASONABLE EFFORTS

On appeal, respondent first argues that petitioner failed to demonstrate that termination was warranted because respondent was not provided services or an opportunity to plan for his children. He asserts that he was incarcerated throughout the course of the proceedings, he was not provided services in prison, and petitioner failed to inquire regarding services that could be provided in prison. Respondent argues that he should have been offered a treatment plan. We disagree.

When children are removed from a parent's custody, the Department of Health and Human Services (the DHHS) is generally required to make reasonable efforts to rectify the conditions that led to the children's removal, to reunify the family, and to avoid termination of parental rights. MCL 712A.19a(2); *In re LE*, 278 Mich App 1, 18; 747 NW2d 883 (2008). However, when a parent is required by court order to register under the sex offenders registration act (SORA), the DHHS is not required to make reasonable efforts towards reunification. MCL 712A.19a(2)(d). Here, respondent was ordered to register as a sex offender as a result of his two CSC convictions, stemming from inappropriate videotaping of KD. In addition, when an out-of-home placement is ordered, an initial service plan must be prepared within 30 days of the placement. MCR 5.965(C)(6). However, in this matter, the children were never removed from the custody of their respective mothers, and respondent did not object to their placements. The filing of original petitions for permanent custody by the DHHS because respondent sexually abused KD indicates that reunification was not a realistic goal of these proceedings. The DHHS "is not required to provide reunification services when termination of parental rights is the agency's goal." *In re HRC*, 286 Mich App at 463. Therefore, petitioner was not required to provide respondent with services to assist him with reunification. *Id*.

Moreover, respondent does not specify what services should have been offered by petitioner, or could have been offered while he was incarcerated. Rather, he merely asserts that petitioner should have investigated available services in prison. Jacqueline Saliba, a Child Protective Services (CPS) worker, requested that respondent have no contact with the children. Respondent's judgment of sentence specifically states "**NO contact with complainant**." Saliba thought that the children would be at risk of harm if a relationship was maintained with

respondent. Therefore, she requested that the trial court find that the DHHS was not required to make reasonable efforts towards reunification. The trial court granted this request, and suspended all visitation. The juvenile code only requires that petitioner offer services that will facilitate reunification, and any additional services the court may order. MCL 712A.18f; MCL 712A.19. Although respondent requested that a sex offender assessment be included in the Clinic for Child Study evaluation, the court noted that it tried to accommodate this "unusual" request, but ultimately, it could not be done. As petitioner was not required to provide this service to respondent, MCL 712A.19a(2)(d), respondent's argument on appeal that petitioner failed to prove statutory grounds because the assessment was not done is unwarranted.

## II. STATUTORY GROUNDS

Second, respondent argues that the trial court erred by finding clear and convincing evidence supported termination of his parental rights under MCL 712A.19b(3)(b)(*i*), (g), (h), (j). We disagree.

### A. MCL 712A.19b(3)(b)(*i*)

The trial court did not err in finding that MCL 712A.19b(3)(b)(*i*) provided a statutory basis for termination of respondent's parental rights. A trial court may terminate a respondent's parental rights under MCL 712A.19b(3)(b)(*i*) if a child or a sibling of the child suffered sexual abuse, the parent's act caused the sexual abuse, and there is a reasonable likelihood that the child will suffer further abuse in the foreseeable future if placed in the parent's home.

Respondent admitted that he pleaded guilty to two counts of criminal sexual conduct. He admitted videotaping his eldest daughter, KD, while she was nude, getting in and out of the shower. KD confirmed that this occurred. In the criminal matter, it appears that allegations of inappropriate physical contact between respondent and KD were not addressed. Respondent was sentenced to 3 to 15 years' imprisonment, and was prohibited from having any contact with KD. Although respondent's other children were not part of the criminal sexual conduct allegations, a parent's treatment of one child is probative of how the parent may treat another child. *In re Foster*, 285 Mich App 630, 631; 776 NW2d 415 (2009). Therefore, it is appropriate for a trial court to evaluate a respondent's potential risk to other siblings by analyzing how that respondent treated another child. *In re Hudson*, 294 Mich App 261, 266; 817 NW2d 115 (2011). Saliba requested respondent not be allowed contact with any of his children. She worried that respondent would repeat the behavior resulting in his arrest towards his younger children when he was released from jail because the other children would reach the same age as KD when the videotaping occurred by his release. Therefore, statutory grounds existed pursuant to MCL 712A.19b(3)(b)(*i*) because respondent sexually abused KD, and there was a reasonable likelihood that he would continue to sexually abuse KD, or victimize the other children in the foreseeable future, if they were placed in respondent's care.

The trial court only needs to find clear and convincing evidence of one statutory ground in MCL 712A.19b(3) to terminate parental rights. *In re VanDalen*, 293 Mich App 120, 139; 809 NW2d 412 (2011). Accordingly, termination of respondent's parental rights was appropriate. However, the other statutory grounds found by the trial court will be discussed herein, as they are challenged by respondent on appeal.

## B. MCL 712A.19b(3)(g)

The trial court did not err when it decided by clear and convincing evidence that termination under MCL 712A.19b(3)(g) was warranted. A trial court may terminate a respondent's parental rights under MCL 712A.19b(3)(g) if the trial court finds by clear and convincing evidence that "[t]he parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age."

Respondent was arrested for perpetrating criminal sexual conduct against his own daughter. Accordingly, he failed to provide proper care and custody of KD, which can be considered when evaluating respondent's ability to provide proper care and custody for his other children. MCL 712A.19b(3)(g); *In re Foster*, 285 Mich App at 631. Respondent asserted that his earliest release date from prison was November 2019. Although the present inability to personally care for one's children due to incarceration does not constitute grounds for termination, *In re Mason*, 486 Mich 142, 160; 782 NW2d 747 (2010), respondent would not be able to provide proper care and custody to his children until he was released. More concerning was Saliba's fear that respondent would repeat this behavior if the children were returned to his care after he was released from prison. Some of his younger children would then be the same age as KD when he started videotaping her. Therefore, there is no reasonable expectation that respondent would provide proper care and custody within a reasonable time, and accordingly termination was warranted under MCL 712A.19b(3)(b)(g).

## MCL 712A.19b(3)(h)

Clear and convincing evidence also supported termination under MCL 712A.19b(3)(h), which provides for termination if:

> [t]he parent is imprisoned for such a period that the child will be deprived of a normal home for a period exceeding [two] years, and the parent has not provided for the child's proper care and custody, and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.

The mere present inability to personally care for one's children as a result of incarceration does not constitute grounds for termination of parental rights. *In re Mason*, 486 Mich at 160.

Respondent was arrested on November 14, 2016, and asserted that his earliest release date was in November 2019. At the time of his arrest, respondent had custody of KD, and he lived with KD and KWE. As a result of respondent's imprisonment and the surrounding circumstances, all of the children, especially KD, have undoubtedly suffered emotional damage. All of the children were referred for therapy, and KD and KWE, who do not have the same mother, were separated. By subjecting all four of his minor children to emotional damage, separating two of his children from living together, and further, depriving all of his minor children of his physical presence, respondent has not provided proper care and custody of the

children. *In re Hudson*, 294 Mich App at 267. Respondent will be imprisoned for over two years, as his sentence was 3 to 15 years' imprisonment. Therefore, the trial court did not clearly err by determining that there is no reasonable expectation that respondent will provide the children with proper care and custody within a reasonable amount of time. MCL 712A.19b(3)(h).

## MCL 712A.19b(3)(j)

The trial court also did not err in terminating respondent's parental rights related to his children under MCL 712A.19b(3)(j). A trial court may terminate a respondent's parental rights under MCL 712A.19b(3)(j) if the trial court finds by clear and convincing evidence that "[t]here is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent."

As stated above, respondent pleaded guilty to two counts of criminal sexual conduct against one of his daughters. Specifically, he taped KD in the nude getting in and out of the shower on several occasions. Saliba was concerned that respondent would repeat this behavior upon his release from prison. By the time he was released, his younger children would reach the age of KD when he began videotaping her. KD, in particular, suffered emotional harm as a result of these incidents, and was referred for therapy. The other children were referred for therapy as well. MCL 712A.19b(3)(j) accounts for the risk of emotional harm as well as physical harm that a child could suffer if returned to a parent's care. *In re Hudson*, 294 Mich App at 268. In *In re Hudson*, the respondent's parental rights to her children were terminated, in part, because she sexually abused a biological sibling of the children that she previously put up for adoption. *Id*. at 263. The Court determined that statutory grounds existed pursuant to MCL 712A.19b(3)(j) because the "[r]espondent's behavior will have lifelong and profound effects on her children as they come to grips with the fact that she was guilty of first-degree criminal sexual conduct with her own 14-year-old biological child." *Id*. at 268. The same holds true in this matter. There is a reasonable likelihood that the children would be harmed if returned to respondent's care, and accordingly, termination was also appropriate under MCL 712A.19b(3)(j).

## MCL 712A.19b(3)(n)(*i*)

The trial court also found there were statutory grounds to terminate respondent's parental rights pursuant to MCL 712A.19b(3)(n)(*i*), which provides that if the parent is convicted of one or more enumerated felonies, termination is in the children's best interests "because continuing the parent-child relationship with the parent would be harmful to the child." Included in the list of enumerated felonies are MCL 720.520b, first-degree criminal sexual conduct, and MCL 720.520c, second-degree criminal sexual conduct. MCL 712A.19b(3)(n)(*i*).

However, respondent does not contest the termination of his parental rights on these grounds. Because termination of parental rights need only be supported by a single statutory ground, *In re VanDalen*, 293 Mich App at 139, respondent's failure to challenge the court's findings with respect to (n)(*i*) precludes appellate relief. *In re JS & SM*, 231 Mich App 92, 98-99; 585 NW2d 326 (1999), overruled in part on other grounds by *In re Trejo*, 462 Mich 341, 353; 612 NW2d 407 (2000). Therefore, given that termination was appropriate on four other

basis, we decline to address the trial court's findings as they relate to termination under MCL 712A.19b(3)(n)(*i*).

### III. BEST INTERESTS

Finally, respondent merely asserts on appeal that "the trial court's finding that it was in the best interests of the children to terminate his parental rights was not supported by a preponderance of the evidence, and its decision was clearly erroneous." We disagree.

MCL 712A.19b(5) provides, "[i]f the court finds that there are grounds for termination of parental rights and that termination of parental rights is in the child's best interests, the court shall order termination of parental rights and order that additional efforts for reunification of the child with the parent not be made." The prosecution must prove that termination is in the child's best interests by a preponderance of the evidence. *In re Schadler*, 315 Mich App at 408. A trial court must weigh all of the evidence in making a best interests determination. *In re White*, 303 Mich App at 713. This includes many factors, including " 'the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home,' " as well as "a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption." *Id.* (citations omitted).

Successful placement with relatives during a respondent's incarceration generally weighs against termination of parental rights. MCL 712A.19a(6)(a); *In re Mason*, 486 Mich at 164. It is an "explicit factor" for the court to consider in determining best interests, and a failure to do so renders a factual record inadequate, and requires reversal. *In re Mason*, 486 Mich at 163-165. All four children were placed with their respective mothers, and the court addressed this fact. Nevertheless, the trial court determined that termination was in the children's best interests because "maintaining [respondent's] parental rights to the [children] presents a substantial risk of harm to the child's physical, mental[,] and emotional well-being." We agree.

Psychological evaluations of a parent are relevant and probative of the person's future ability to parent. *In re Johnson*, 142 Mich App 764, 766; 371 NW2d 446 (1985). The trial court relied upon the report of respondent's psychological evaluation and the testimonies of the CPS investigator, Amy Weronka, and respondent to determine that termination was in the children's best interests. Respondent's attorney asserted at the evidentiary hearing that the Clinic for Child Study report only included a "cursory" sex offender assessment, and reasserts this argument on appeal. As noted above, respondent was not entitled to this assessment as the DHHS was not required to provide respondent services after filing original petitions for permanent custody. MCL 712A.19a(2)(d). Regardless, the report goes into more detail of the sexual abuse perpetrated against KD by respondent than that provided by the petitions and documentation admitted related to his convictions. Respondent admitted to frequent inappropriate sexual touching between himself and KD, in addition to taping KD nude in the shower. The evaluator did not recommend reunification as the traumatic impact on KD could take time to materialize, and the other children were at risk of victimization of sexual abuse.

Weronka testified to the same effect. There was a chance that respondent would repeat

the behavior for which he was arrested when he was released. Some of his younger children would then be the same age as KD when she was taped by respondent. The children's mothers also believed that respondent was capable of repeating this behavior, and they wanted respondent's rights terminated. The children did well in their placements with their mothers. Respondent testified that he would not repeat the behavior leading to his arrest, and he loved and was bonded to his children. However, respondent's lack of parenting ability, and the risk of harm to the children if they were returned to his care, demonstrated that termination was in their best interests.

Affirmed.

/s/ Stephen L. Borrello
/s/ David H. Sawyer
/s/ Kathleen Jansen