*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re CAMERON LAWRENCE DANN.

PEOPLE OF THE STATE OF MICHIGAN,

        Petitioner-Appellee,

v

CAMERON LAWRENCE DANN,

        Respondent-Appellant.

UNPUBLISHED
May 21, 2019

No. 343308
Wayne Circuit Court
Family Division
LC No. 10-494290-DL

Before: REDFORD, P.J., and MARKEY and K. F. KELLY, JJ.

PER CURIAM.

Respondent appeals by right the circuit court's order denying his application to set aside or expunge his 2013 adjudication for carrying a concealed weapon (CCW), MCL 750.227. On appeal, respondent argues that the circuit court violated his due process right to have a meaningful opportunity to be heard. He also contends that the circuit court's written findings actually supported an order granting rather than denying his application to set aside the adjudication. We disagree and affirm.

On May 14, 2013, respondent, who was born in November 1997, came into possession of a "zip gun" that he carried in a pants' pocket for a brief period. On June 11, 2013, respondent entered a plea of admission to CCW and was adjudicated responsible for the offense. Respondent was initially confined to a juvenile facility then returned home in December 2013. Following a review hearing on March 20, 2014, the court discharged respondent from probation.

In January 2018, respondent filed an application to set aside the 2013 adjudication. A hearing on the petition was conducted on March 7, 2018. At the hearing, the prosecutor indicated her belief that respondent was "currently on HYTA [Holmes Youthful Trainee Act] status . . . for a CCW charge . . . that was applied . . . August of 2016." The circuit court quickly indicated that it was denying the application because respondent had incurred a second CCW offense. The court, however, then questioned whether the prosecutor might perhaps be confused,

-1-

mistakenly believing that respondent committed two CCW offenses instead of one. Therefore, the circuit court engaged in the following colloquy with respondent to obtain some clarity:

> Q. Do you have another pending CCW?
>
> A. No, sir.
>
> Q. This is your only case?
>
> A. Yes, I don't have no open cases now.
>
> Q. How old are you, sir?
>
> A. Twenty.
>
> * * *
>
> Q. [H]ave you ever been to Frank Murphy Hall of Justice?
>
> A. Yes.
>
> Q. For what?
>
> A. CCW.
>
> Q. So it is that case?
>
> A. Yeah, but I'm not on it anymore?
>
> Q. You're not on HYTA anymore?[1]
>
> A. Yeah.
>
> Q. Oh, it's been discharged?
>
> A. Yeah.

After ascertaining that respondent had, indeed, committed two CCW offenses, the circuit court abruptly ended the hearing and denied the application. The court explained:

> [T]he idea behind expungement is you make one mistake and you get the benefit after you wait a certain period of time of being relieved from the burdens of that one mistake. Now, we have a young man who's made the same mistake twice. I'm not going to do that. You had the benefit of HYTA. You get that, but I'm not going to grant the expungement with this, [application] denied, thank you.

---

[1] This particular question was interjected by the prosecutor.

The circuit court then entered a standard form order denying respondent's application to set aside the adjudication. A box was also checked next to the following finding, "The applicant has not been adjudicated for more offenses than allowed under MCL 712A.18e(1) and does not have a felony conviction."

Respondent appeals by right, arguing that his constitutional due process right to be given an opportunity to be heard was denied and that the circuit court failed to give due consideration to the facts of the case. Constitutional issues are reviewed de novo, *In re Carey*, 241 Mich App 222, 226; 615 NW2d 742 (2000), as are matters regarding statutory construction, *In re Tiemann*, 297 Mich App 250, 257; 823 NW2d 440 (2012). "Findings of fact by the trial court may not be set aside unless clearly erroneous[,] . . . [and] regard shall be given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." MCR 2.613(C). "The fundamental requirements of procedural due process are notice and a meaningful opportunity to be heard before an impartial decision maker." *In re Beck*, 287 Mich App 400, 401-402; 788 NW2d 697 (2010), aff'd 488 Mich 6 (2010). A hearing must be conducted at a meaningful time and in a meaningful manner. *In re Rood*, 483 Mich 73, 92; 763 NW2d 587 (2009).

MCL 712A.18e provides for the setting aside of juvenile adjudications under certain conditions. "[A] person who has been adjudicated of not more than 1 juvenile offense that would be a felony if committed by an adult and not more than 3 juvenile offenses, of which not more than 1 may be a juvenile offense that would be a felony if committed by an adult and who has no felony convictions may file an application with the adjudicating court or adjudicating courts for the entry of an order setting aside the adjudications." MCL 712A.18e(1).

The offense of CCW is a felony, MCL 750.227(3), and there is nothing in the record indicating that respondent had any juvenile adjudications aside from the CCW adjudication in 2013. Therefore, for purposes of MCL 712A.18e(1), respondent had been adjudicated of not more than one juvenile offense that would be a felony if committed by an adult. MCL 712A.18e(1) also requires that there be "no felony convictions." With respect to the second CCW, it apparently occurred when respondent was 18 years old. But he was placed on HYTA status; therefore, there had been no felony conviction.[2] See MCL 762.14(2) ("An assignment of an individual to the status of youthful trainee as provided in this chapter is not a conviction for a crime and . . . the individual assigned to the status of youthful trainee shall not suffer a civil disability or loss of right or privilege following his or her release from that status because of his

_____

[2] The prosecution asserts that respondent was still on probation under the HYTA at the time of hearing on respondent's application to set aside the 2013 adjudication and that respondent failed to submit any evidence at the hearing to support his contention that he had already completed his HYTA requirements at that time. We note that neither party submitted documentation in the lower court regarding the 2016 CCW case; the prosecutor did not introduce any evidence countering respondent's statement that he had been discharged from HYTA status. On appeal, the prosecution attaches the register of actions from the 2016 CCW case, but that was not part of the record below. See MCR 7.210(A)(1).

or her assignment as a youthful trainee.").[3] Accordingly, under MCL 712A.18e(1), respondent generally qualified to pursue his application to have the juvenile adjudication set aside. This is why the circuit court checked the box that provided, "The applicant has not been adjudicated for more offenses than allowed under MCL 712A.18e(1) and does not have a felony conviction."

Subsection (9) of MCL 712A.18e is the relevant provision to examine for purposes of the instant case, and it provides:

> Except as provided in this subsection and subsection (10) [inapplicable], if the court determines that the circumstances and behavior of the applicant from the date of the applicant's adjudication to the filing of the application warrant setting aside the 1 adjudication for a juvenile offense that would be a felony if committed by an adult . . . and that setting aside the adjudication or adjudications is consistent with the public welfare, the court may enter an order setting aside the adjudication.

As reflected in this passage, MCL 712A.18e(9) contains two considerations for the circuit court, both of which must be satisfied. First, a court must examine the circumstances and behavior of the applicant from the date of his or her adjudication to the filing of the application in order to determine whether they warrant setting aside the adjudication. Second, the court must determine whether setting aside the adjudication is consistent with the public welfare. We note that even if a court is satisfied that both prongs have been established, the court can still deny the application because the Legislature indicated in MCL 712A.18e(9) that a court "may" set aside an adjudication on proof of the two considerations. Here, the circuit court effectively did not go beyond the first consideration or prong, concluding that respondent was not worthy of having the CCW adjudication set aside because he subsequently engaged in a second CCW before filing the application.[4]

Respondent argues on appeal that the circuit court "did not give him any opportunity to present any facts or argument to support his request for the court to set aside [the] adjudication." Respondent complains that the circuit court immediately accepted the prosecutor's contention

---

[3] Additionally, "if an individual pleads guilty to a criminal offense, committed on or after the individual's seventeenth birthday but before his or her twenty-fourth birthday, the court of record having jurisdiction of the criminal offense may, *without entering a judgment of conviction* and with the consent of that individual, consider and assign that individual to the status of youthful trainee." MCL 762.11(1) (emphasis added).

[4] In the circuit court's order, the court checked the box indicating that it was finding that "[c]ircumstances and behavior of the applicant justify setting aside the adjudication(s), and it is consistent with the public welfare." The record plainly reflects that the court did not so find; the box was clearly checked in error. Moreover, under the heading of the court's order, which ultimately governs, the court checked the box next to the language, "The application is denied."

-4-

that respondent was on active HYTA status before hearing from him. We note, however, that as indicated above, respondent was given a chance to explain to the court that he had been on HYTA status and then discharged upon completion. Indeed, it appears that the circuit court accepted respondent's assertion that he had been discharged from his HYTA status, or thought the issue irrelevant.

Respondent argues that the circuit court refused to listen to him and consider the fact that he had no adult convictions or subsequent juvenile adjudications. Respondent then points to the checked box on the order denying his application, which indicated that respondent had not been adjudicated for more offenses then allowed under MCL 712A.18e(1) and had no adult felony convictions. Therefore, according to respondent, "the court both denied [his] right to due process and a fair hearing and the court mistakenly found that there was no basis to grant the application."

Respondent's argument reveals a misunderstanding of MCL 712A.18e. The circuit court was fully aware that respondent had no additional juvenile adjudications and did not have an adult felony conviction, which is why the court marked the box at issue in the order. These facts, however, did not mean that respondent was entitled to have his juvenile adjudication set aside. Instead, the lack of other adjudications and an adult felony conviction simply meant that respondent satisfied the threshold requirements of MCL 712A.18e(1), allowing the court to further entertain consideration of the application. Respondent fails to even cite MCL 712A.18e(9) regarding examination of respondent's behavior following the juvenile adjudication and consideration of the public welfare.

Finally, respondent cites the language in MCL 762.14(2), which, as noted above, provides that "the individual assigned to the status of youthful trainee shall not suffer a civil disability or loss of right or privilege following his or her release from that status because of his or her assignment as a youthful trainee." Respondent argues that he had been released from HYTA status at the time of the hearing; therefore, the circuit court's reliance on the second CCW offense to deny the application to set aside the adjudication violated MCL 762.14(2). Assuming that respondent had in fact been released from his HYTA status contrary to the prosecution's assertion, respondent fails to engage in any legal analysis concerning MCL 762.14(2) and its impact on denying an application to set aside an adjudication in consideration of the criteria in MCL 712A.18e(9). Respondent announces a legal conclusion, but develops no underlying rationale or reasoning. "It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Mudge v Macomb Co*, 458 Mich 87, 105; 580 NW2d 845 (1998) (quotation marks omitted). Moreover, the circuit court did not deny respondent's application because of "his . . . assignment as a youthful trainee." MCL 762.14(2). Rather, the application was denied because respondent carried a concealed weapon in 2016 after doing the

-5-

very same thing back in 2013.[5]  In sum, there was no due process violation or any error warranting reversal.

　　We affirm.

/s/ James Robert Redford
/s/ Jane E. Markey
/s/ Kirsten Frank Kelly

---

[5] And this is assuming that the circuit court's ruling can even be characterized as inflicting "a civil disability or loss of right or privilege" upon respondent.  MCL 762.14(2).